IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dwight Culton,                            )<br>                                                     )<br>                    Petitioner,          )<br>                                                     )<br>vs.                                                )<br>                                                     )<br>United States Parole Commission, )<br>                                                     )<br>                    Respondent.       )<br>_____) | CIV-06-1746-PHX-DGC (MHB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT JUDGE:

Petitioner Dwight Culton filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in which he challenges the United States Parole Commission's decision to revoke his parole and require him to serve 16 months in custody. (Doc. #1.) On March 5, 2007, the docket reflects that mail sent from the Clerk of the Court to Petitioner was returned as undeliverable. (Doc. #13.) On May 24, 2007, Respondent filed a Motion to Dismiss stating that Petitioner is no longer in custody. (Doc. #14.) As such, Respondent contends that Petitioner's Petition is now moot. (Doc. #14.)

On August 3, 2007, the Court ordered Petitioner to show cause on or before August 24, 2007, why his Petition for Writ of Habeas Corpus should not be dismissed as moot in light of his apparent release from custody. (Doc. #15.) Petitioner was further ordered to either (1) file a notice of change of address; or (2) show cause why this matter should not be dismissed for failure to prosecute in light of his failure to file a notice of change of address

1 as previously ordered by the Court. (Doc. #15.) On August 13, 2007, the docket again
2 reflects that mail sent from the Clerk of the Court to Petitioner – the Court's August 3, 2007
3 Order – was returned as undeliverable. (Doc. #16.) Accordingly, in light of Petitioner's
4 apparent release from custody and it appearing that no case or controversy remains, the Court
5 will recommend that Petitioner's Petition for Writ of Habeas Corpus be dismissed as moot.

6 **IT IS THEREFORE RECOMMENDED:**

7 That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. #1)
8 be **DISMISSED AS MOOT**.

9 This recommendation is not an order that is immediately appealable to the Ninth
10 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
11 Appellate Procedure, should not be filed until entry of the district court's judgment. The
12 parties shall have ten days from the date of service of a copy of this recommendation within
13 which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1);
14 Fed.R.Civ.P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a
15 response to the objections. Failure to timely file objections to the Magistrate Judge's Report
16 and Recommendation may result in the acceptance of the Report and Recommendation by
17 the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114,
18 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the
19 Magistrate Judge will be considered a waiver of a party's right to appellate review of the
20 findings of fact in an order of judgment entered pursuant to the Magistrate Judge's
21 recommendation. See Fed.R.Civ.P. 72.

22 DATED this 27th day of August, 2007.

Michelle H. Burns
Michelle H. Burns
United States Magistrate Judge

- 2 -